Robert Kerr, appellant, *v.* Jonas Boyer *et al.*, appellees.

*Appeal from Lake.*

A. sued B. and two others before a justice of the peace.   Two of the defendants only were served with process, and judgment was rendered against them. An appeal was taken, and the Circuit Court, the testimony being that they alone were liable, rendered a judgment for the defendants: *Held,* that although the statute authorizes the justice to render a judgment against such as are served with process, it does not authorize him to do so unless the joint liability of all the defendants is established.

The familiar doctrine governing actions on contracts, that the plaintiff must show the joint liability of all the defendants before he can recover against any, is not changed by the statute.

This was a suit originally brought before a justice of the peace in Lake county, by the appellant against three defendants.   Two of them only were served with process, and the justice rendered a judgment against them.   They appealed to the Circuit Court of said county, and the case was heard before the Hon. Hugh T. Dickey, Judge of the Cook County

Court, at the September term 1845, when a judgment was rendered for the appellants, the evidence showing a joint liability of all the defendants.

*J. B. Thomas,* for the appellant.

*S. T. Logan,* for the appellees.

The Opinion of the Court was delivered by

TREAT, J. This suit was commenced before a justice of the peace by Kerr against Jonas Boyer, Andrew Boyer and William Cantrell, on an account for money lent. Jonas Boyer and Cantrell were alone served with process. The justice heard the case and gave judgment against these two defendants. They took an appeal to the Circuit Court, where the case was again heard as between them and the plaintiff. The testimony showed that they alone had borrowed a sum of money of the plaintiff. On this evidence, the Court rendered a judgment in favor of the defendants for costs. That decision is assigned for error.

The statute provides, that where there are several joint debtors, the justice may render judgment against such as are served with process. R. L. 389; Rev. Stat. 318. This provision does not authorize a judgment to be rendered against those served with process, unless the joint liability of all is established. The familiar doctrine governing actions on contracts, that the plaintiff must show a joint cause of action against all of the defendants, before he can recover against any, remains unchanged. The plaintiff alleged a joint undertaking on the part of three, but on the trial established it only against two. The proof gave him no right to recover. The point involved in this case, was decided by this Court in the case of *Wells* v. *Reynolds,* 3 Scam. 191.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*